UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Cedric Nelson,<br><br>                              Plaintiff,<br><br>          -v-<br><br>Pine Builders Corp.,<br><br>                              Defendant. | Civ. Action #:<br><br>**COMPLAINT**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

    Plaintiff Cedric Nelson ("Plaintiff" or "Nelson"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of the Defendant Pine Builders Corp. ("Defendant" or "Pine Builders"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he was employed by Defendant and that he is: (i) entitled to unpaid wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to the New York Labor Law ("NYLL") that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2.

3. Plaintiff is also entitled to recover compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law, maximum liquidated damages, including maximum liquidated damages on all wages paid later than weekly,

attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Cedric Nelson ("Plaintiff" or "Nelson") is an adult, over eighteen years old, who currently resides in Kings County in the State of New York.

8. Upon information and belief and at all times relevant herein, Pine Builders Corp. ("Defendant" or "Pine Builders"), was a New York for-profit corporation with place of business located at 1339-41 Prospect Avenue, Brooklyn, NY 11218.

## STATEMENT OF FACTS

9. Upon information and belief, and at all relevant times herein, Defendant was engaged in the business of providing construction services and repairs. See http://www.evenhar.net/

10. At all times relevant herein, Defendant operated at several locations and employed approximately 40 employees at any given time and over 100 employees during the class period.

11. Upon information and belief, and at all times relevant herein, Plaintiff was employed by Defendant from in or around April/May 2014 until in or around August 2016.

12. At all times relevant herein, Plaintiff was employed by Defendant as a laborer performing a variety of functions within this capacity including masonry, cleaning, demolition etc.

13. At all times relevant herein, Plaintiff was paid at a regular rate of $15-$18 an hour, at separate times during his employment with Defendant.

14. At all times relevant herein, Plaintiff was paid at his straight regular rate for all hours worked including his overtime hours (hours over 40 in a week).

15. At all times relevant herein, Plaintiff worked approximately 45-50 hours a week and sometimes more, 6-7 days a week - Plaintiff's hours worked and wages paid will be refined after Defendant produces employment, time and wage records it was required to keep under the FLSA and NYLL.

16. Plaintiff incorporates herein, <u>accurate</u> records of his time, wages and employment that Defendant was required to keep pursuant to the FLSA and NYLL.

17. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

18. Upon information and belief, Defendant failed to pay Plaintiff at a rate of 1.5 times his regular rate for each and all overtime hours worked (hours over 40 in a week).

19. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL 195(1).

20. At all times relevant herein, Defendant did not provide Plaintiff and the putative class members with the statement(s) required by NYLL 195(3).

21. At all times relevant herein, Defendant paid Plaintiff on a bi-weekly basis in violation of NYLL 191 (1)(a)(i).

22. Upon information and belief and at all times relevant herein, Defendant had annual revenues and/or expenditures in excess of $500, 000. Plaintiff references and incorporates herein, accurate copies of records of Defendant's business volume and revenues as well as business operations and commerce that Defendant was required to keep and maintain under the FLSA including under 29 CFR 516.

23. Upon information and belief and at all times relevant herein, Defendant conducted business with companies outside the State of New York.

24. Upon information and belief, and at all times relevant herein, Defendant and Plaintiff conducted business with insurance companies outside the State of New York.

25. At all times applicable herein and upon information and belief, Defendant utilized the goods, materials, and services through interstate commerce such as construction materials, equipment, and tools.

26. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

27. Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

28. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the State of New York.

29. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

30. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters.

31. Upon information and belief, and at all relevant times herein, Defendant failed to notify

Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

32. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime)

33. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 32 above as if set forth fully and at length herein.

34. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA – 29 U.S.C 201 et Seq.

35. Upon information and belief, and at all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

36. Upon information and belief and at all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

37. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff, overtime compensation at rates not less than 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

38. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime wage compensation, plus maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. (Unpaid Overtime)

39. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 38 above as if set forth fully and at length herein.

40. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

41. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff, overtime compensation at rates not less than 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

### Relief Demanded

42. Due to Defendant's NYLL overtime violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime compensation, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
## NYLL § 190, 191, 193, 195 and 198

43. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 42 above as if set forth fully and at length herein.

44. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195, 196 and 198.

45. At all times relevant herein, Plaintiff was employed as a manual worker within the meaning of NYLL 191 (1)(a)(i) who should have been paid no later than weekly.

46. Defendant violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all his wages, including his unpaid non-overtime and overtime wages as required under NY Labor Law § 190 et seq.

47. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendant to comply with NYLL § 195(1).

48. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendant to comply with NYLL § 195(1).

### Relief Demanded

49. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant, his entire unpaid wages, including his unpaid non-overtime and overtime wages, maximum liquidated damages, including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

50. Declare Defendant (including its overtime wage payment policy and practice) to be in violation of the rights of Plaintiff under the FLSA and New York Labor Law – 12 NYCRR § 142 and enjoin Defendant from engaging in such violations.

51. As to the **First Cause of Action**, award Plaintiff his unpaid overtime compensation due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

52. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime compensation due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

53. As to the **Third Cause of Action**, award Plaintiff any and all outstanding wages, including his entire unpaid wages, including his unpaid non-overtime and overtime wages, maximum liquidated damages, including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

54. Award Plaintiff, where applicable, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief.

55. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
           **June 11, 2018**

Respectfully submitted,

Abdul Hassan Law Group, PLLC


/s/ Abdul Hassan
Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-355-9668

Email: abdul@abdulhassan.com
*Counsel for Plaintiff*